# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3905 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Darryl W. Kinney vs. Hamilton Partners | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's amended motion for summary judgment (36) is denied. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 5 2004 | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | MAR 2 5 2004 date mailed notice | |
| SLB | courtroom deputy's initials | | | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DARRYL W. KINNEY, )
)
Plaintiff, ) Case No. 03 C 3905
)
v. ) George W. Lindberg
) Senior United States District Judge
HAMILTON PARTNERS, )
)
Defendant. ) MAR 2 5 2004

## MEMORANDUM AND ORDER

On June 9, 2003, Plaintiff Darryl W. Kinney filed his Complaint of Employment
Discrimination against Defendant Hamilton Partners. Plaintiff's complaint states three claims[1] – (1)
race discrimination in violation of Title VII, (2) retaliation in violation of Title VII, and (3) breach
of Plaintiff's severance agreement in violation of state law – and asks the Court, *inter alia*, to grant
Plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay,
compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs.

On January 30, 2004, Plaintiff filed an amended motion for summary judgment.
Plaintiff's motion is hereby denied.

### *Legal Standards – Summary Judgment*

Summary judgment will be granted only "when the 'pleadings, depositions, answers
to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter
of law.'" *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1060 (7th Cir. 2003) (quoting Fed. R. Civ. P. 56).

---

[1] *See Kinney v. Hamilton Partners*, No. 03-3905 (N.D. Ill. Aug. 6, 2003) (order denying
Defendant's motion to dismiss).

In making this determination, the Court must "constru[e] all facts . . . and draw[] all reasonable inferences from those facts . . . in favor of the . . . non-moving part[y] . . . ." *Id.* (citation omitted).

Because Plaintiff is proceeding *pro se* in this civil action, he "benefit[s] from various procedural protections not otherwise afforded to the attorney-represented litigant . . . ."[2] *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citation and internal quotation marks omitted). However, Plaintiff must still adhere to the Federal Rules of Civil Procedure and this District's local rules.[3] *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("rules apply to uncounseled litigants and must be enforced"). This includes compliance with rules governing summary judgment motions.[4] *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923-24 (7th Cir. 1994) (district court may strictly enforce Northern District of Illinois Local Rule 56.1).

## Analysis

Plaintiff's brief contains very little legal argument. Additionally, Plaintiff's "Statement of Facts" fails to comply with either Federal Rule of Civil Procedure 56 or Northern

---

[2]*See also Tressel v. Combined Ins. Co. of Am.*, No. 01-6231, 2003 WL 1626528, at *4 (N.D. Ill. Mar. 27, 2003) ("*pro se* litigants are granted more leniency than a party who is represented by [counsel]") (citation omitted); *Stevens v. Navistar Int'l Transp. Corp.*, 244 F. Supp. 2d 906, 910 (N.D. Ill. 2002) ("the Court reads a *pro se* plaintiff's pleadings liberally") (citation omitted).

[3]*See also Downs*, 78 F.3d at 1257 ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines") (citation and internal quotation marks omitted).

[4]*See also Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003) ("district courts . . . are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them") (citations omitted); *Tressel*, No. 01-6231, 2003 WL 1626528, at *4 ("the *pro se* litigant is still required to follow the rules of procedure and LR 56.1") (citation omitted); *Stevens*, 244 F. Supp. 2d at 910 (same as *Johnson* and *Tressel*).

District of Illinois Local Rule 56.1, and, in any event, does not establish that Plaintiff is entitled to judgment as a matter of law on any of his three stated claims. Therefore, the Court must deny Plaintiff's motion. *See Cerutti*, 349 F.3d at 1060.

## I.      Title VII – Race Discrimination

Plaintiff may establish his "claim of race discrimination . . . in one of two ways – under the direct method or the indirect burden-shifting method . . . ." *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 529 (7th Cir. 2003) (citations omitted). The direct method permits Plaintiff to "show either through direct or circumstantial evidence that the employer's decision to take the adverse job action was motivated by an impermissible purpose, such as h[is] race or national origin." *Id.* (citations omitted). On the other hand, the indirect method requires Plaintiff to establish "that: (1) []he was a member of a protected class; (2) []he was meeting h[is] employer's legitimate job expectations; (3) []he suffered an adverse employment action; and (4) similarly situated employees not in the protected class were treated more favorably." *Id.* at 530 (citations omitted); *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 545 (7th Cir. 2002) (same). If Plaintiff successfully establishes these four elements, the burden of production would shift to Defendant "to articulate a legitimate nondiscriminatory reason for its action." *Peters*, 307 F.3d at 545 (citations omitted); *Curry v. Menard, Inc.*, 270 F.3d 473, 477 (7th Cir. 2001) (same). Assuming Defendant satisfies its burden, the burden would then shift "back to [Plaintiff] to show that the reason set forth by [Defendant] was not its true reason, but a pretext – 'a dishonest explanation, a lie rather than an oddity or an error.'" *Peters*, 307 F.3d at 545 (citation omitted); *Curry*, 270 F.3d at 477 (same).

Plaintiff's statement of facts provides no direct or circumstantial evidence that Plaintiff suffered an adverse job action as a result of a racially-motivated decision. Therefore,

3

Plaintiff must rely on the indirect, burden-shifting method of proof to establish a *prima facie* case of race discrimination under Title VII. Plaintiff's effort falls short of that mark.

Plaintiff's statement of facts includes no evidence to establish that (1) Plaintiff was meeting Defendant's legitimate job expectations[5] or (2) similarly situated employees who were not in his protected class were treated more favorably. In fact, Plaintiff altogether ignores the issue of Defendant's treatment of its other employees, whether similarly situated or not. These omissions negate the need for any further analysis. Even if all of Plaintiff's stated facts and evidence were admissible and uncontested, they would not establish a *prima facie* case of race discrimination under Title VII. Accordingly, summary judgment may not be granted. *See Cerutti*, 349 F.3d at 1060.

## II.     Title VII – Retaliation

Once again, Plaintiff has "two (and only two) distinct routes to obtaining . . . summary judgment." *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). These two routes may be summarized as follows:

> One, the more straightforward, . . . is to present direct evidence (evidence that establishes without resort to inferences from circumstantial evidence) that he engaged in protected activity (filing a charge of discrimination) and as a result suffered the adverse employment action of which he complains . . . . The second route . . . . requires the plaintiff to show that after filing the charge only he, and not any similarly situated employee who did not file a charge, was subjected to an adverse employment action even though he was performing his job in a satisfactory manner.

*Id.* (citation omitted); *see also Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003). Under the latter route, "[i]f the defendant presents unrebutted evidence of a noninvidious reason for

---

[5]Defendant's response to Plaintiff's statement of facts suggests, instead, that Plaintiff was not meeting those expectations. (*See* Def.'s Resp. to Pl.'s Statement of Facts, at 8; Def.'s L.R. 56.1(a)(3) Statement of Material Facts, at ¶¶ 17-24.)

the adverse action, he is entitled to summary judgment." *Stone*, 281 F.3d at 644.

Plaintiff's statement of facts includes, *inter alia*, a number of disjointed allegations that purportedly support Plaintiff's retaliation claim.[6] Even when combined, these

[6]With respect to retaliation, Plaintiff's statement of facts provides:

> Plaintiff wrote events down and faxed them to Rick Staback as they occurred, even after my firing. (See Letters of Events Exhibit C)
>
> *   *   *
>
> The Plaintiff did make a complaint against an employee of . . . one of Hamilton partners customers for sexual harassment .And the employee was disciplined by H.R. Olivia Stewart. Causing Hamilton Partners to try and end my employment through Retaliation. (See Letters of Events Exhibit C attached and also included in Complaint)
>
> *   *   *
>
> The Plaintiff was video taped by cameras added after I made a complaint about sabotage to my work area without my knowing . . . . Verified by Rick Staback in my Deposition of him, although I found the cameras myself while employed by Hamilton Partners. (See Exhibit A, Service Response)
>
> *   *   *
>
> I was written up for misrepresenting myself as a HVAC tech . . . and Put on a Poor performance Remediation Program, (See Norman Woods of write up 2. A in Exhibit A) I was told not to waste time figuring the problem out it was under warranty call Martin Petersen its there responsibility by Jim Kelly, I Did, Dave R. of M. Petersen found the exact same conclusion after spending 7.25 hours total when I was given 1 hour total and still written up. (See Exhibit A)
>
> *   *   *
>
> The Plaintiff took his job serious and always did his best to get the

job done correctly . . . . (See Exhibit B)

\* \* \*

I was written up for causing an unnecessary investigation when I told Rick Staback that Don Jordan tried to get a Union started. I was told that I tried to get everyone in the Union, and the write up was by Don Jordan, Jim Kelly and was witnessed by Rick Staback and Mike Burback, Don Jordan told me after I was fired that he was in the Union, and he and Mike lied because they were scared for there jobs and it was recorded. In Mike Burback and Lenard Wasilewsi depositions, they all said it was Don Jordan who tried to get them into the union. Nancy Lunct said in her Deposition that I told her about Don Jordan trying to get us into the Union.

\* \* \*

The Plaintiff was off work on sick leave excused by doctors when he was fired, I returned to work and was told I was not allowed in the building by Jim Kelly and was told to call Rick Staback to find out why, I did I also received this letter on Tuesday at home. (See Exhibit E and Letters of Events in Exhibit C)

\* \* \*

Plaintiff was given a severance without choice and was told that Hamilton Partners would contest me getting unemployment if I did not sign it and I would get an unfavorable recommendation to future employers by Rick Staback. I was given two documents by Rick Staback to prove he could stop my unemployment. (See Exhibit C Letters of Events and Exhibit G)

\* \* \*

Plaintiff and Rick Staback had a sworn taped hearing for unemployment with Charles Kohr IDES referee where Rick Staback told Charles Kohr that I was fired for not doing my job correctly and I signed a severance agreement ,and Mr. Kohr asked Rick Staback was Darryl Kinney given a chance to improve or explain, Rick said no, Mr. Kohr said you cant stop someone from getting unemployment if you did not give them any choice but to leave there job, report by Charles Kohr states Rick Staback could

6

allegations do not warrant an award of summary judgment.

As an initial matter, the exhibits and documents cited to support Plaintiff's statement

of facts were not properly authenticated, certified, or otherwise made admissible or usable at trial.[7]

---

show no evidence of any kind to support and misconduct on my
behalf. (See Exhibit H)

\* \* \*

In Rick Stabacks deposition, he said I could go back to work and I
chose to sign a severance agreement. And I told him is that your
final answer, and reminded him of what he said, to Charles Kohr of
the IDES that I was fired because of my performance. Another
Federal agency, and he remarked I said they could tape me not you,
the truth cant change whether its taped or not or its called perjury.

\* \* \*

Don Jordan told me he was sorry for his part in the retaliation by
Hamilton Partners. And he said I was the best Tech that Hamilton
Partners had in his opinion, and he said when he was hired he was
told as part of his job to get rid of me for making a complaint . . . .
This was a taped conversation.

\* \* \*

Plaintiff was fired 2 days after filing a charge with the EEOC. (See
Exhibit F)

[7]Some of the allegations included within Plaintiff's statement of facts were not
accompanied by a citation to the record or any other supporting material. Such statements may
be disregarded when deciding Plaintiff's motion. *See Martz v. Union Labor Life Ins. Co.*, 757
F.2d 135, 138 (7th Cir. 1985) ("It bears repeating that the purpose of summary judgment is to
determine whether there is any genuine issue of material fact in dispute and, if not, to render
judgment in accordance with the law as applied to the established facts. The facts must be
established through one of the vehicles designed to ensure reliability and veracity – depositions,
answers to interrogatories, admissions and affidavits.); N.D. Ill. L.R. 56.1 ("The statement . . .
shall consist of short numbered paragraphs, including within each paragraph specific references
to the affidavits, parts of the record, and other supporting materials relied upon to support the
facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial

"To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Scott v. Edinburg*, 346 F.3d 752, 759-60 n.7 (7th Cir. 2003) (citation omitted). Accordingly, the Court may not consider the exhibits attached to Plaintiff's motion or the statements purportedly derived from those exhibits. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) ("Sworn testimony is not the only basis on which summary judgment may be granted; rather, 'the court may consider any material that would be admissible or usable at trial,' . . . including properly authenticated and admissible documents or exhibits.") (citations and internal quotation marks omitted); *see also Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001) (same); *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985) ("The facts must be established through one of the vehicles designed to ensure reliability and veracity – depositions, answers to interrogatories, admissions and affidavits.). Indeed, it is well-established that "[s]upporting materials designed to establish issues of fact in a summary judgment proceeding 'must be established through one of the vehicles designed to ensure reliability and veracity – depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.'" *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987) (citations omitted).

It is worth mentioning that Plaintiff would not be entitled to summary judgment on his retaliation claim even if the Court fully considered and weighed all of the statements included in Plaintiff's statement of facts. Taken together, the statements do not establish a *prima facie* case

---

of the motion."); *Kinney v. Hamilton Partners*, No. 03-3905 (N.D. Ill. Jan. 16, 2004) (order striking Plaintiff's summary judgment motion and advising Plaintiff of requirements of N.D. Ill. L.R. 56.1).

of retaliation. On one hand, Plaintiff fails to produce any "direct evidence . . . that he engaged in protected activity . . . and as a result suffered the adverse employment action of which he complains."[8] *Stone*, 281 F.3d at 644. On the other hand, Plaintiff never establishes that (1) he was performing his job in a satisfactory manner[9] or (2) "after filing the c[omplaint] only he, and not any similarly situated employee who did not file a c[omplaint], was subjected to an adverse employment action." *See id.* Again, Plaintiff altogether ignores the issue of Defendant's treatment of its other employees, whether similarly situated or not. Because Plaintiff has failed to establish a *prima facie* case, additional analysis is unnecessary. *See Cerutti*, 349 F.3d at 1060.

## III.    Breach of Severance Agreement

Because this claim resides in state law, a determination must be made as to which state's law should be applied. To make this decision, the Court refers to the Illinois choice of law rules. *See Midwest Grain Prods. of Ill., Inc. v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000).

Plaintiff's severance agreement provides that the agreement is to be "governed by Illinois law." The Illinois Supreme Court has stated that such provisions will "[g]enerally . . . be honored." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (Ill. 2002) (citations omitted); *see also Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) ("Illinois law respects the contract's choice-of-law clause as long as the contract is valid.") (citation omitted); *Baskin-Robbins Inc. v. Patel*, 264 F. Supp. 2d 607, 610 (N.D. Ill. 2003) (same). Neither

---

[8]Instead, Plaintiff offers only the bald assertion that when Don Jordan "was hired[,] he was told as part of his job to get rid of [Plaintiff] for making a complaint . . . ." This allegation is pure hearsay.

[9]*See supra* note 5.

party has provided any admissible evidence that suggests that the settlement agreement is invalid. Therefore, it is perfectly reasonable to invoke the agreement's choice-of-law provision and apply Illinois contract law.

Additionally, the Court notes that Illinois contract law would apply even if the choice-of-law provision was unenforceable. In the absence of an enforceable choice-of-law provision, the "most significant contacts" test is applied. *See West Suburban Bank of Darien v. Badger Mut. Ins. Co.*, 141 F.3d 720, 724 (7th Cir. 1998); *Manufacturers Life Ins. Co. v. Mascon Info. Techs. Ltd.*, 270 F. Supp. 2d 1009, 1013 (N.D. Ill. 2003); *Olsen v. Celano*, 600 N.E.2d 1257, 1260 (Ill. App. Ct. 1992). When applying that test, a court may consider, *inter alia*, "the place of contracting, negotiation, performance, location of the subject matter of the contract and the domicile, residence, place of incorporation, and business of the parties." *Mascon*, 270 F. Supp. 2d at 1013 (citation omitted); *Olsen*, 600 N.E.2d at 1260.

Neither party argues that Illinois contract law should not be applied. Indeed, Plaintiff's severance agreement was contracted, negotiated, and performed entirely within the state of Illinois. The subject matter of the contract – Plaintiff's employment – also took place in Illinois. Additionally, Plaintiff is domiciled and resides in Illinois and Defendant conducts business in Illinois. For all of these reasons, the Court will apply Illinois contract law to Plaintiff's state law claim.

Plaintiff's statement of facts includes minimal support for his argument that Defendant breached the severance agreement by contesting Plaintiff's February 2003 unemployment claim. Plaintiff states that Defendant (1) "violated the agreement by contesting unemployment and asking for a hearing" and (2) "could show no evidence . . . to support and [sic] misconduct on

[Plaintiff's] behalf." Once again, both of these statements are purportedly supported by exhibits and documents that have not been properly authenticated, certified, or otherwise made admissible or usable at trial. *See Scott*, 346 F.3d at 759-60 n.7. As such, they may not be considered when deciding Plaintiff's motion. *See Smith*, 242 F.3d at 741; *Woods*, 234 F.3d at 988; *Friedel*, 832 F.2d at 970; *Martz*, 757 F.2d at 138.

Even if the Court were to fully consider and weigh Plaintiff's statement of facts and liberally construe the same as establishing Plaintiff's *prima facie* case (*but see Cerutti*, 349 F.3d at 1060), Plaintiff would not be entitled to judgment as a matter of law. To secure a favorable judgment on his state law claim, Plaintiff must show "that the parties agreed to give [P]laintiff severance pay under certain terms and conditions, that those conditions were met, and that [D]efendant failed to perform under the terms of the agreement." *Kennedy v. Four Boys Labor Serv., Inc.*, 657 N.E.2d 1130, 1136 (Ill. App. Ct. 1995) (citations omitted); *see also Powers v. Arachnid, Inc.*, 617 N.E.2d 864, 868-69 (Ill. App. Ct. 1993). However, Defendant has established that genuine issues of material fact exist with respect to at least the second and third elements of Plaintiff's claim. For example, Plaintiff conceded in his deposition that Defendant "agreed it would not contest any unemployment claim filed after April 1, 2003[,]" and that Plaintiff "ignored the Agreement and filed a claim for unemployment in February 2003."[10] This dispute alone renders summary judgment

---

[10]Plaintiff essentially conceded that Defendant did not violate the severance agreement by contesting his February 2003 unemployment claim:

> Q.     Well, now, . . . did you ever have a discussion with Mr. Staback that the company would not contest your unemployment claim filed on April 1st – if you filed it on April 1st, 2003, after three months of severance had elapsed?
>
> A.     Yes.

11

inappropriate and negates the need for any further analysis. *See Cerutti*, 349 F.3d at 1060.

**ORDERED:** Plaintiff's amended motion for summary judgment [36] is denied.

DATED: MAR 2 5 2004        ENTER:        *George W. Lindberg*

HON. GEORGE W. LINDBERG
United States District Judge

---

Q. And you, of course, filed it before April 1st, 2003, right?

A. Right. And they wouldn't give me unemployment because of the amount that I told him. But Mr. Staback contested that, which you should have the document because I sent it to you, that breached this contract anyway.

Q. Would you point to the paragraph that it breached, sir?

A. The April 1st, will not contest your unemployment if filed on April 1st after three months of severance has elapsed.

Q. And when did you file it, sir?

A. February something, but –

Q. Right. So they said they would not contest the unemployment claim filed on April 1st, 2003, but you filed it before April 1st, 2003, right?

A. Correct.

Q. So they didn't violate the agreement, because, in fact, you filed it before the April 1st date, which included your three months of severance, right?

A. I filed it before that, yes, but they didn't start it. They weren't starting anything until that date – well, they still would have been short anyway, but until April 1st.

Q. Well, they paid you three months of severance, right?

A. Right. No, he took extra money out of there, which wouldn't have made three months by a couple of weeks.

Q. Because they took the federal withholding taxes out of there?

A. Right.

Q. Which they're obligated to do under federal law, right?

A. Right.

Q. So you received three months of gross pay; is that correct, sir?

A. Gross pay, yes.

(Kinney Dep., at 38, l. 1 to 39, l. 23 (Nov. 19, 2003).)